UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORLANDUS DUNNING,

    Plaintiff,                                              Civil Action No. 21-CV-10670

vs.                                                     HON. BERNARD A. FRIEDMAN

MELISSA VIVIANE JEFFERSON
a/k/a LIZZO, et al.,

    Defendants.
_____/

## **OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

This matter is presently before the Court on defendants' motion to dismiss [docket entry 9]. Plaintiff has responded and defendants have replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall grant the motion.

Plaintiff alleges that his cousin, defendant Jefferson, who writes and records songs under her artist's name "Lizzo," included in her song "Coconut Oil," without his permission, some recorded words sung and spoken by plaintiff. Plaintiff alleges that Jefferson "transposed audio of [his] voice, recorded while he was singing a Christian devotional song, and used the audio to enhance both the opening and the ending of the song." Compl. ¶ 11. Jefferson allegedly "recorded this audio without either Plaintiff's knowledge or consent while he was singing at the funeral of a mutual relative." *Id.* ¶ 14. Plaintiff alleges that he was "embarrassed and outraged when he was confronted by his church and church organization" and that he "would not have consented to the use of his voice in this way because the message conveyed in the song is contradictory to his own brand and beliefs as an ordained Elder in the Church of God in Christ (COGIC) organization." *Id.* ¶¶ 15-

Plaintiff commenced suit in Wayne County Circuit Court, and defendants removed the matter to this Court based on diversity of citizenship. In addition to Jefferson, plaintiff names Atlantic Recording Corp., Nice Life Recording Co., Warner Music, Inc., and Warner Music Group Corp., all of which allegedly participated with Jefferson in recording and/or releasing the song. Plaintiff asserts claims for commercial appropriation, invasion of privacy through intrusion, negligence, conversion, and intentional infliction of emotional distress. For relief, he seeks $750,000 in damages, plus costs and attorney fees.

Defendants seek dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that plaintiff's claims are time barred and fail to state a claim on which relief may be granted. Regarding the propriety of seeking dismissal based on untimeliness, the Sixth Circuit has stated:

> The statute of limitations is an affirmative defense, see Fed. R. Civ. P. 8(c), and a plaintiff generally need not plead the lack of affirmative defenses to state a valid claim, see Fed.R.Civ.P. 8(a) (requiring "a short and plain statement of the claim " (emphasis added)); *Jones v. Bock*, 549 U.S. 199, 216, 127 S. Ct. 910, 166 L.Ed.2d 798 (2007). For this reason, a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations. But, sometimes the allegations in the complaint affirmatively show that the claim is time-barred. When that is the case, as it is here, dismissing the claim under Rule 12(b)(6) is appropriate. *See Jones*, 549 U.S. at 215, 127 S. Ct. 910 ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]").

*Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). *See also G.G. Marck & Assocs. v. Peng*, No. 18-3399, 2019 WL 460404, at *3 (6th Cir. Feb. 6, 2019) (stating that when "the allegations show that relief is barred by the applicable statute of limitations, dismissal is proper

under Fed. R. Civ. P. 12(b)(6) for failure to state a claim").

Defendants note that all of plaintiff's claims are subject to a three-year limitations period; that plaintiff alleges that Coconut Oil was released "[i]n late October 2016," Compl. ¶ 11; and that plaintiff commenced suit more than three years later, in December 2020. They conclude that the complaint should be dismissed, as it is apparent from the complaint itself that all of his claims are time barred. In response, plaintiff agrees that his claims are subject to three-year limitations periods, but he argues that he first contacted defendants in September 2019, before the limitations period expired, and that he delayed filing suit because he and defendants were engaged in settlement negotiations. Pl.'s Resp. Br. at [unnumbered] (PageID.81). He indicates that "[a]t all points during the negotiations, the Defendants were made aware that Plaintiff would file suit if the parties failed to reach a settlement." *Id.* Plaintiff also claims that "during the Covid-19 pandemic, Michigan Courts were shut down and Plaintiff could not pursue his claims during that time." *Id.* Finally, plaintiff suggests that the "discovery exception" may apply in this case, although he does not say when he discovered that Coconut Oil had been released and that it included a recording of his speech and singing. Nor does he make an argument as to why a "discovery exception" applies.

In Michigan, with limited exceptions not applicable here, a "claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." Mich. Comp. Laws § 600.5827. The Michigan Supreme Court has specifically rejected "discovery-based analysis, [under which] a claim does not accrue until a plaintiff knows, or objectively should know, that he has a cause of action and can allege it in a proper complaint" because "the statutory scheme is exclusive and thus precludes this common-law practice of tolling accrual based on discovery in cases where none of the statutory tolling provisions apply." *Trentadue*

3

*v. Buckler Lawn Sprinkler*, 738 N.W.2d 664, 670 (Mich. 2007). Therefore, in the present case plaintiff's claims accrued when Coconut Oil was released, as that is the point in time when "the wrong upon which the claim is based was done." Section 600.5827. That date, according to the complaint, was "late October 2016."[1] Plaintiff therefore had to commence suit by late October 2019. As noted above, he did not do so until December 2020, thereby missing the filing deadline by approximately thirteen to fourteen months.

Plaintiff's failure to commence suit before the limitations period expired cannot be excused on the grounds that the parties were engaged in settlement negotiations. Parties commonly enter into such negotiations in hopes of avoiding the trouble and expense of litigation, but there is no guarantee they will succeed. As another judge of this Court has correctly noted, "[s]ettlement negotiations are by no means an 'extraordinary circumstance' that would prevent a plaintiff from diligently and timely pursuing his or her rights, . . . as the majority of parties involved in a legal conflict are involved in some form of negotiations prior to filing suit." *Randy's Towing, LLC v. Charter Twp. of Oscoda*, No. 16-10806, 2016 WL 4429620, at *2 (E.D. Mich. Aug. 22, 2016). In the present case, plaintiff concedes that he was aware (by September 2019) of Coconut Oil's existence before the limitations period expired (in October 2019). To preserve his claims, he was required to commence suit before the filing deadline. By neglecting to do so, he knowingly forfeited his claims. Plaintiff does not allege that defendants fraudulently concealed his claims or coerced him into missing the filing deadline.

Nor is there any merit to plaintiff's assertion that he was prevented from filing suit

---

[1] Publicly available information indicates that the Coconut Oil album was released on October 15, 2016. *See* https://pitchfork.com/reviews/albums/22511-coconut-oil (last visited April 29, 2021).

4

by the Covid-19 pandemic. Throughout the pandemic, neither the Michigan courts nor this Court ever stopped receiving electronic filings. Moreover, plaintiff's claims in this case were time barred even before the current public health crisis began. Accordingly,

IT IS ORDERED that defendants' motion to dismiss is granted.

IT IS FURTHER ORDERED that defendants' motion to stay discovery pending a ruling on their motion to dismiss is denied as moot.

s/Bernard A. Friedman<br>BERNARD A. FRIEDMAN<br>SENIOR UNITED STATES DISTRICT JUDGE

Dated: April 30, 2021
Detroit, Michigan